## WARK v. MOORE.

(Circuit Court, E. D. Pennsylvania. May 17, 1910.)

No. 768.

CONTRACTS (§ 240*)—BUILDING MATERIALS—PERSONS LIABLE.

Where plaintiff became a subcontractor to furnish part of the labor and materials for the construction of a building, under a construction company with which defendant had no individual connection, and the only proof of defendant's substitution for the construction company was an alleged agreement by defendant's partner, who was without authority to act except for the interests of the firm, which had nothing to do with the construction of the building, defendant was not liable on plaintiff's contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1125; Dec. Dig. § 240.*]

At Law. Action by W. E. Wark against William G. Moore. Verdict for plaintiff, and defendant moves for judgment nothwithstanding the verdict. Granted in part.

Thos. Raeburn White, for plaintiff.
Henry P. Brown, for defendant.

J. B. McPHERSON, District Judge. So far as the Wolf building is concerned, the plaintiff's right to recover depends primarily upon the question whether the defendant Moore originally made the contract to erect that building. He is sued as an individual, and therefore an individual liability must be proved. After an attentive study of the stenographer's notes it is my opinion that no evidence whatever exists to justify a finding that such a contract was made. There is a little evidence that the contract was regarded as belonging to the firm (of which the defendant was a member) that did business under the partnership name of "William G. Moore"; but, as I think, not even a scintilla exists that William G. Moore as an individual ever made an agreement to erect the Wolf building, or, indeed, either of the other buildings referred to in the evidence.

Further, the plaintiff's proposal to become a subcontractor upon the Wolf building was made to, and was accepted by, the Reinforced Cement Construction Company, with which the defendant had no connection of any kind; and the plaintiff's case cannot possibly be maintained unless Moore as an individual (whether or not he had originally undertaken the building in that character) agreed to step into the place of the Reinforced Cement Construction Company, and thus to become liable upon this subcontract. It is not contended that the defendant made any such agreement of substitution personally; but the plaintiff claims that the substitution was agreed to

by Russell Smith as the defendant's agent. But here again the plaintiff's case breaks down, as it seems to me. There is no evidence, either strong or weak, that Smith had any authority to bind the defendant as an individual in this, or in any other, matter. He had authority to some extent to bind the defendant as one of the partnership in which they both were members, but only in partnership affairs; and the partnership related solely to two other buildings, and not to the Wolf building at all. The partnership did not extend to that building, and Smith had no authority otherwise to act as the defendant's agent in reference thereto. The plaintiff's remedy would seem to be for goods sold and delivered against the corporation that signed the contract, erected the building, and used the plaintiff's labor and material. In my opinion, the defendant did none of these things.

The defendant concedes that the finding of the jury is right in part; and, to avoid the needless formality of a second trial, I shall therefore venture to make the following somewhat irregular order:

For the sum thus admitted to be due, $400.68, the plaintiff may enter judgment, without prejudice to his right to prosecute a writ of error against the judgment to be entered under the remaining clause of the order.

As to the rest of the verdict—$3,404.19—the clerk is directed to enter a judgment in favor of the defendant notwithstanding the verdict.